IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD LABREC,

          Plaintiff,

v.

WISCONSIN AND SOUTHERN RAILROAD
COMPANY,

          Defendant.

OPINION and ORDER

17-cv-828-jdp

---

This case brought under the Federal Employers' Liability Act is scheduled for trial on January 28. This opinion will address several remaining evidentiary disputes.

First, WSOR moves to exclude LaBrec's Exhibit 5, which is called "101 Photographs Taken During Site Inspection." Dkt. 66. The court gave LaBrec a January 22 deadline to identify for WSOR which photographs he intended to use at trial. When LaBrec missed the deadline, WSOR moved on January 23 to exclude the exhibit. On January 24, at 8:29 p.m., LaBrec opposed WSOR's motion, admitting that he missed his deadline, but alleging that he could not comply with the court's order because he was "travelling." Dkt. 76. He has now identified 21 photographs that he wants to admit into evidence, but he still does not explain either how the photos are relevant or the purpose for which he wants to use them.

LaBrec's excuse for missing his deadline is not persuasive. Presumably, counsel knew his travel schedule when the court set the deadline, so he should have made alternative arrangements or asked for an extension if he could not provide WSOR the necessary information by January 22. Counsel cannot simply disregard a court order and make excuses later.

The court will reserve a ruling on WSOR's motion until the court's conference with the parties at 10:00 a.m. on January 28 before trial begins. It will be LaBrec's burden to show both that the 21 photographs are admissible and that WSOR will not be prejudiced by his untimely disclosure.

Second, the parties debate the admissibility of LaBrec's Exhibit 7, which are maintenance records for WSOR's trucks. At the final pretrial conference, the court questioned the relevance of the records and asked LaBrec to provide the court evidentiary support for a theory that a failure to maintain the trucks contributed to his injury. In response, LaBrec cites various pieces of evidence about potential maintenance problems, but no evidence connecting any lack of maintenance with his injury. He relies on his summary judgment declaration for the proposition that the wrench was more powerful than other hydraulic wrenches he had used, but he does not tie that testimony to a maintenance problem. LaBrec is not an expert on proper maintenance for hydraulic wrenches and he admits that his experience with two-handled hydraulic wrenches (the type of wrench at issue in this case) is limited. Dkt. 22, ¶ 31. He identifies no basis for a conclusion that any difficulty he had controlling the wrench was the result of a maintenance failure. So WSOR's objection to Exhibit 7 is SUSTAINED. The court will exclude any other evidence related to an alleged failure to maintain, repair, or inspect the trucks.

Third, WSOR seeks a ruling on the admissibility of its Exhibit 501, which is a statement attributed to LaBrec in a hospital record. As the court observed in the final pretrial conference order, LaBrec's statement is a party admission and thus is not hearsay under Rule 801(d)(2). But this still leaves the question whether the record itself, which is a hearsay statement by a hospital employee, qualifies for a hearsay exception. *See Gidarisingh v. Bittelman*, No. 12-cv-

916-wmc, 2015 WL 4668035, at *2 (W.D. Wis. Aug. 6, 2015) (both medical record and statement within medical record must qualify for hearsay exception).

WSOR contends that the record qualifies as a "statement made for medical diagnosis or treatment" under Rule 803(4), or, alternatively, that the record may be used under Rule 607 to impeach LaBrec's credibility. Fed. R. Evid. 607 ("Any party, including the party that called the witness, may attack the witness's credibility."). But the first contention is inconsistent with circuit precedent, which states that Rule 803(4) "applies only to statements made by the patient." *Martin v. Nicklow*, 499 F. App'x 569, 573 (7th Cir. 2013) (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996), and *Field v. Trigg Cnty. Hosp., Inc.*, 386 F.3d 729, 736 (6th Cir. 2004)).

The second contention is unsupported. Rule 607 would permit WSOR to ask LaBrec whether he made the statement at issue, but WSOR cites no authority for the view that a party can use Rule 607 to introduce evidence that is otherwise inadmissible. The cases WSOR cites stated that medical records could be used to impeach a witness, but did not say that Rule 607 incorporates an exception to the hearsay rule. *See Madyun v. Linjer*, No. 08-cv-32-bbc, 2008 WL 2810592, at *1 (W.D. Wis. July 21, 2008); *Custer v. Schumacher Racing Corp.*, No. 106CV1208WTLJDT, 2007 WL 4199705, at *4 (S.D. Ind. Nov. 21, 2007).

Courts routinely admit medical records under Rule 803(6), which applies to business records. *E.g.*, *Palafox v. Lucas*, No. 14-cv-543-scw, 2017 WL 1197215, at *4 (S.D. Ill. Mar. 31, 2017); *Banks v. Almazar*, No. 07-cv-5654, 2011 WL 1231142, at *7 (N.D. Ill. Mar. 30, 2011); *Arce v. Barnes*, No. 13-cv-01777-wtl, 2015 WL 4599348, at *5 (S.D. Ind. July 29, 2015). But WSOR would have to comply with Rule 803(6)(D), which requires the testimony of a person with personal knowledge or a certification that the document meets the other requirements for

a business record. *Collins v. Kibort,* 143 F.3d 331, 337–38 (7th Cir. 1998). Alternatively, the parties could stipulate to the document's authenticity and its status as a business record. But until WSOR shows that it meets the requirements for Rule 803(6), the objection to this exhibit is SUSTAINED.

Fourth, LaBrec has filed updated objections to some of WSOR's exhibits. Dkt. 72. But LaBrec doesn't explain any of his objections, so this is another matter that the court will resolve at the conference before trial.

Entered January 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge